UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BONNIE MARKWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC.,<br><br>　　　　Defendant. | NO.<br><br>(PIERCE COUNTY SUPERIOR COURT CAUSE NO. 21-2-05430-9)<br><br>NOTICE OF REMOVAL BY DEFENDANT WALMART INC.<br><br>***(CLERK'S ACTION REQUIRED)*** |

TO:　　CLERK OF THE COURT;

AND TO: PLAINTIFF'S COUNSEL OF RECORD

## I. RELIEF REQUESTED

Defendant WALMART INC. ("Walmart") seeks to remove the above-captioned case from Pierce County Superior Court in Washington State to the United States District Court for the Western District of Washington at Tacoma under 28 U.S.C. §§ 1332, 1441, and 1446.

## II. STATEMENT OF FACTS

1. Underlying Incident

Plaintiff BONNIE MARKWELL ("Plaintiff") alleges that she fell in a pothole in the parking lot of a Walmart Supercenter in Bonnie Lake, Washington, on January 14, 2021. *See* Declaration of Eddy Silverman, attached hereto as **Exhibit A**; *see also* Summons and Complaint, attached hereto as **Exhibit B**.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 1

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7288769.1

   2. <u>Relevant Procedural Facts</u>

Plaintiff filed a Complaint in the Superior Court of Washington for Pierce County on April 9, 2021. *See* Ex. B. Plaintiff served Walmart with a copy of the Summons and Complaint on April 12, 2021. *Id.*

In the Complaint, Plaintiff alleges that she <u>fractured her femur, sustained "serious injuries," and "has incurred medical expenses and other consequential damages</u>." *Id.* ¶ 7.

Walmart served an RCW 4.28.360 Request for Statement of Damages ("RSD") to Plaintiff on April 15, 2021. *See* RSD, attached hereto as **Exhibit C**. Plaintiff's response was due on Friday, April 30, 2021; however, Plaintiff has never responded to this RSD.

On May 10, 2021, defense counsel's office inquired as to the status of Plaintiff's response to Walmart's RSD. *See* emails, attached hereto as **Exhibit D**. Counsel claimed not to have sufficient information to respond and requested an additional 30 days to do so. *See id.*

### III. STATEMENT OF ISSUE

Whether this case may be properly removed to federal court where it is ascertainable from the face of the Complaint that there is total diversity between the parties and that the amount in controversy in this matter is in excess of $75,000 exclusive of interest and costs, and where Walmart is seeking to remove within 30 days of service of the Complaint on Walmart.

### IV. EVIDENCE RELIED UPON

This motion is based upon the records and pleadings on file with the Court, as well as the Declaration of Eddy Silverman, Esq., attached hereto as Exhibit A.

///
///
///
///
///

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7288769.1

V. <u>ARGUMENT</u>

A. <u>This Case Is Removable Under 28 U.S.C. § 1332, Through Which This Court Has Original Jurisdiction Over The Lawsuit Filed By Plaintiff In Pierce County Superior Court</u>

The district courts shall have original jurisdiction of all civil actions where (1) the parties in the case are diverse as defined by 28 U.S.C. § 1332(a)(1)-(4), and where (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. The amount in controversy can either be evident "on the face" of the Complaint or ascertained via some later pleading(s) or "other paper" in the record of the state court proceeding. *See* 28 U.S.C. § 1446(b)(3); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689 (2005).

A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Even in the absence of a demand for a "sum certain" in a Complaint, or any numerical estimate of damages, a court can look at the complaint allegations themselves to determine whether the amount in controversy plausibly meets jurisdictional limits. *See, e.g.*, *Green v. Metal Sales Mfg. Corp.*, 394 F. Supp. 2d 864 (S.D. W. Va. 2005) (considering plaintiff's allegation of "severe fracture" in finding that amount in controversy "clearly" exceed $75,000); *Bracken v. Dolgencorp, LLC*, 2018 WL 6249715, at *5 n. 47 (E.D. Pa. 2018) (citing more than a half-dozen cases wherein defendants "could have reasonably and intelligently concluded the amount in controversy exceeded $75,000" based on the Complaint allegations and the nature of injuries alleged).

When and how removability is "ascertainable" matters with respect to whether removal is timely under 28 U.S.C. § 1446. There are, generally speaking, two viable "removal periods." *See Harris*, 425 F.3d at 694. [1] A defendant has 30 days to remove a case if the removability of the case is evident on the face of the complaint; or [2] a defendant has 30 days beyond some later period from which it first becomes ascertainable that the case is removable.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7288769.1

1  *See id*. ("[T]he first thirty-day requirement [to remove] is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal.  If no ground for removal is evident in that pleading, the case is 'not removable' at that stage.  In such case, the notice of removal may be filed within thirty days after the defendant receives ['other paper'] from which it can ascertained…that removal is proper.") (citations omitted).

In this case, diversity between the parties is evident on the face of the Complaint, as is the fact that the amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.  Insofar as Walmart is filing this Notice of Removal within 30 days of service of the subject Complaint, Walmart's Notice is timely and this case may be properly removed under 28 U.S.C. §§ 1446(b) and 1332.

    1.  <u>There Is Diversity Between The Parties</u>

According to the Complaint, Plaintiff is a resident of Pierce County, Washington.  Ex. B at ¶1.  Thus, Plaintiff is a "citizen of" Washington State.  Walmart Inc. is (a) incorporated in Delaware, and (b) its principal place of business is in Arkansas.  Thus, Walmart is a "citizen of" either Delaware or Arkansas, but <u>not</u> Washington State.  *See* 28 U.S.C. 1332(c)(1) (explaining how to determine *corporate* citizenship).  Based on the foregoing, there is total diversity between these parties as described in 28 U.S.C. 1332(a)(1).

    2.  <u>The Amount Is Controversy Is Plausibly In Excess Of $75,000</u>

Plaintiff did not claim a sum certain in the Complaint or put any numerical value on her alleged damages.  Notwithstanding the foregoing, Plaintiff is claiming to have fractured her femur—the largest bone in her body—and to have sustained [other] "serious injuries."  Plaintiff is alleging that Walmart is responsible for these injuries.  She is seeking her incurred medical expenses "and other consequential damages," including but not limited to general pain and suffering damages.  Based on this information, Walmart can reasonably and intelligently

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 4

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7288769.1

conclude that the amount in controversy in this matter is in excess of $75,000 exclusive of interest and costs.

3.  Walmart's Notice Of Removal Is Timely

Walmart is filing this Notice within 30 days of service of the Complaint on Walmart; therefore, this Notice is timely under 28 U.S.C. § 1446(b)(1).

B.  Walmart's Notice Of Removal Complies With All Applicable Local And Federal Procedural Rules Attendant To Removal

1.  This Notice And Accompanying Documents Satisfy LCR 101

Pursuant to LCR 101(b), in cases removed from state court, the removing defendant shall file contemporaneously with the notice of removal:

(1) A copy of the operative complaint, which must be attached as a separate "attachment" in the electronic filing system and labeled as the "complaint" or "amended complaint."

(2) A certificate of service which lists all counsel and pro se parties who have appeared in the action with their contact information, including email address.

(3) A copy of any Jury Demand filed in the state court, which must be filed as an attachment and labeled "Jury Demand."

In addition to the foregoing, the removing defendant(s) shall, within 14 days of filing this Notice, or contemporaneously, file with the clerk of this Court black-on-white copies of all additional records and proceedings in the state court, together with verification that they are true and complete copies.  LCR 101(c).

Walmart has filed and/or otherwise provided true and complete copies of all of the above referenced documents as required under local rules, including copies of all records and proceedings filed in the state court proceeding being removed by virtue of this petition.  *See* **Exhibit E**.  These documents/exhibits constitute and contain the entirety of the records and proceedings filed in Pierce County Superior Court as of the date of filing this Notice.

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 5

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7288769.1

2. <u>Both The Federal And State Courts Are On Properly Notice Of This Removal Action</u>

This Notice is properly filed in the United States District Court for the Western District of Washington because this Court embraces Pierce County, the county in which the state court action is now pending. *See* 28 U.S.C. §§ 128(b) and 1441(a).

Pursuant to 28 U.S.C. §§ 1446(d), Walmart is filing a copy of this Notice with the Clerk of the Pierce County Superior Court and is also serving a copy of this Notice on Plaintiff's counsel of record in the state court action.

## VI. CONCLUSION

Walmart hereby removes this matter from the Pierce County Superior Court to the United States District Court for the Western District of Washington at Tacoma. By seeking removal, Walmart does not waive any defenses, including but not limited to lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process.

DATED this 11th day of May, 2021.

WILLIAMS, KASTNER & GIBBS PLLC

By  *s/Rodney L. Umberger*
    Rodney L. Umberger, WSBA No. 24948

By *s/Eddy Silverman*
    Eddy Silverman, WSBA No. 53494

Two Union Square
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Phone:  206.628.6600
Fax:      206.628.6611
Email:   rumberger@williamskastner.com
        esilverman@williamskastner.com

**Counsel for Defendant Walmart Inc.**

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 6

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7288769.1

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the date indicated below, I caused service of a true and correct copy of the foregoing document in the manner indicated below to:

| | |
|---|---|
| ANDERSON HUNTER LAW FIRM, P.S.<br><br>John A. Follis, WSBA 18513<br>2707 Colby Avenue, Suite 1001<br>Everett, WA 98201<br>Tel: (425) 252-5161<br>Email: jfollis@andersonhunterlaw.com<br>krooney@andersonhunterlaw.com | ☒ ECF |

*Counsel for Plaintiff*

Signed at Edmonds, Washington this 11th day of May, 2021.

WILLIAMS, KASTNER & GIBBS PLLC

*s/Catherine Berry*
Catherine Berry, Legal Assistant
cberry@williamskastner.com

NOTICE OF REMOVAL BY DEFENDANT WALMART INC. - 7

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

7288769.1